IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**KENNETH WEAVER,**

      **Plaintiff,**

v.                                          Case No.:  3:24-cv-00017

**FEDERAL EXPRESS CORPORATION and
JOHN DOE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 15). For the reasons that follow, the Court **ORDERS** the parties to meet and confer in person or by telephone regarding the issues raised in the motion within **seven (7) days** and **DENIES** the motion.

**I.**     **Relevant Facts and Procedural History**

On September 19, 2023, at approximately 4:47 pm, Plaintiff was injured in a motorcycle accident in the 1700 block of Glenwood Road. (ECF No. 14-3 at 5). According to the crash report, Plaintiff was traveling southbound on Glenwood Road around a left curve when he saw a stopped Federal Express Corporation ("FedEx") truck in the roadway in front of him. While trying to avoid the truck, Plaintiff apparently applied too much front brake, causing the motorcycle to "wash out from under him," slide down the roadway, and strike a guardrail. (*Id.* at 6, 8). The alleged FedEx vehicle was not at the scene when the investigating officer arrived, and it is not listed in the report. (*Id.* at 5-12).

1

On December 13, 2023, Plaintiff filed a lawsuit in the Circuit Court of Cabell County, West Virginia, against FedEx and John Doe. (ECF No. 1-2 at 1). Plaintiff alleged that the FedEx delivery truck was negligently, carelessly, and recklessly parked in the roadway on a curve such that he could not see it in time to stop, and he wrecked the motorcycle to avoid hitting the truck. (*Id.* at 2-3). Plaintiff does not know the identity of the person who parked the truck in the roadway, but insists that it was a delivery driver who was operating a FedEx truck. (*Id.* at 2). Plaintiff named the delivery driver as "John Doe" in the lawsuit until he could ascertain the person's identity. (*Id.*). He seeks compensation for his injuries to his upper and lower extremities and other damages. (*Id.* at 3-4).

On January 9, 2024, FedEx removed the action to this Court on the basis that complete diversity of citizenship exists between Plaintiff, a West Virginia resident, and FedEx, a Delaware corporation, and the amount in controversy exceeds $75,000.00. (ECF No. 1 at 1-2). According to FedEx, John Doe is unidentified and unknown. (*Id.* at 2). On February 14, 2024, the Court entered a Scheduling Order in this case. (ECF No. 6). Among other deadlines, any motions to join other parties or amend the pleadings were due by April 18, 2024; all discovery requests must be completed by October 28, 2024; depositions must occur by December 12, 2024, which is also the discovery completion date; and trial shall commence on March 25, 2025. (*Id.* at 1, 3).

In a letter dated January 17, 2024, Plaintiff asked FedEx to identify the driver of the truck referenced in the complaint so that he or she could be added as a defendant; further, if the truck was owned by a contractor, Plaintiff wished to add that entity as a defendant in this lawsuit as well. (ECF No. 14-1 at 1). Plaintiff stated that a witness observed that the driver "exited the home, saw the incident and simply got in his truck

2

and left." (*Id.*). Plaintiff noted that, if either the driver or owner of the truck were West Virginia residents, it would defeat diversity jurisdiction, and Plaintiff would seek to remand the case back to state court. (*Id.*).

On February 20, 2024, after the parties' planning conference, Plaintiff served FedEx with interrogatories and requests for production of documents. (ECF Nos. 7, 15-1). Among other things, Plaintiff asked for information concerning the driver and owner of the delivery truck at issue. (ECF No. 15-1). FedEx objected to the requests on the basis that Plaintiff was assuming facts that may not be correct, as FedEx's investigation had not yet confirmed whether its delivery truck was in the area or stopped at the location at the time of the incident. (*Id.* at 4-11). FedEx explained that the matter was still under investigation and a driver had not been identified. (*Id.* at 4, 5, 7-11).

On April 23, 2024, Plaintiff's counsel sent a letter to FedEx's counsel, alleging that the discovery responses were deficient and unresponsive. (ECF No. 15-2 at 1). Plaintiff found it "inconceivable that [FedEx] cannot track a delivery to Anthony Courts' house on September 19, 2023, at approximately 4:47 p.m. and determine the driver of the truck making the delivery." (*Id.*). According to Plaintiff, FedEx "tracks its delivery personnel as well as when deliveries are made," and "[i]n some instances, there [are] even pictures of the items after delivery." (*Id.*). Plaintiff reiterated that he had been trying to ascertain since January 2024 if the truck was owned by FedEx or a contractor and the identity of the driver so that Plaintiff could amend the complaint, if necessary. (*Id.*). However, now that the deadline to add parties expired, Plaintiff intended to move to extend it. (*Id.*).

On April 25, 2024, Plaintiff moved the Court to extend the joinder of parties and amendment deadline because he still did not know the identity of the driver of the truck parked in the roadway despite his multiple letters and discovery requests to FedEx. (ECF

3

No. 14). The Court granted the motion and extended the deadline until such time as FedEx identifies the driver of the truck and whether the truck was owned by FedEx or was a FedEx contractor. (ECF No. 18).

On May 1, 2024, Plaintiff filed the instant motion to compel, seeking responses to interrogatory numbers 2, 4, 5, and 9, as well as request for production of documents number 9. (ECF No. 15 at 2-3). The interrogatories ask FedEx to articulate the (1) manner in which the "the incident referred to in the Complaint" occurred from the perspective of FedEx or the driver of the delivery truck; (2) any acts of negligence that FedEx claims caused the accident; (3) the identity of the owner and driver of the FedEx truck; (4) the identity of anyone with knowledge regarding the incident; (5) the nature of any such individuals' knowledge; (6) whether anyone with knowledge of the incident gave a statement; and (7) the activities of the driver and FedEx vehicle for 24 hours prior to and 48 hours following the subject incident. (ECF No. 15-1 at 4, 5, 7). The request for production asks FedEx to produce the personnel file of the driver of FedEx's vehicle. (*Id.* at 10). Plaintiff argues that the Court should compel FedEx to respond to the discovery requests because FedEx has been aware of this case since January 2024, yet it claims that it has been unable to determine if one of its trucks was delivering packages on Glenwood Road at the time of the accident. (ECF No. 15 at 3). As stated in his letter to FedEx, Plaintiff finds it inconceivable that FedEx cannot "track a delivery to Anthony Courts' house on September 19, 2023, at approximately 4:47 p.m. and determine the driver of the truck making the delivery." (*Id.*). Therefore, Plaintiff asks the Court to compel FedEx to provide the information and award attorneys' fees and costs associated with this motion. (*Id.*).

In response to the motion to compel, FedEx argues that it has been unable to identify any vehicle which made a delivery at the location of the accident on September

4

19, 2023, based on currently available records. (ECF No. 19 at 4). FedEx notes that there has been no objective evidence thus far that a FedEx vehicle was involved in the accident. (*Id.*). FedEx represents that it is not attempting to delay litigation and is diligently searching for information regarding who owned and was driving the truck referenced in the complaint. (*Id.*). It contends that it will supplement any responsive information that it finds, but discovery is not set to close in this matter for ten (10) months, and it has provided all that it available to it at this point. (*Id.*). Therefore, FedEx argues that the Court should deny the motion. (*Id.* at 5).

## II. **Relevant Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery in this action.

It states, in relevant part:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). "Relevance is not, on its own, a high bar." *Ceresini v. Gonzales*, No. 3:21-CV-40 (GROH), 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022) (citation omitted). As stated in the rule, information "need not

be admissible in evidence to be discoverable." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)). "Federal courts have long understood that relevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Id.*

Even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a 'high bar,' its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Ceresini*, 2022 WL 628520, at *3. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Jonathan R. v. Just.*, No. 3:19-CV-00710, 2023 WL 8629147, at *2 (S.D.W. Va. Dec. 13, 2023); *McEvoy v. Diversified Energy Co. Plc*, No. 5:22CV171, 2023 WL 6192769, at *1 (N.D.W. Va. May 15, 2023); *Fine v. Bowl Am., Inc.*, No. CV SAG-21-1967, 2023 WL 8479250, at *2 (D. Md. Dec. 7, 2023); *Perez v. Huneycutt*, No. 5:22-CV-00120-MR, 2023 WL 8813553, at *2 (W.D.N.C. Dec. 20, 2023); *Doe v. Mast*, No. 3:22CV00049, 2023 WL 8481049, at *2 (W.D. Va. Dec. 7, 2023); *United States v. White*, No. 2:23-CV-00001-BO, 2023 WL 8451744, at *7 (E.D.N.C. Dec. 6, 2023). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds

of annoyance, burdensomeness, oppression, or expense. *Id.*

**III. Discussion**

### A. Duty to Confer

The Court finds, as an initial matter, that the record does not reflect that the parties conferred regarding this discovery dispute as required by Rule 37.1 of the Local Rules of Civil Procedure in advance of seeking the Court's assistance. In this district, parties are required to "make a good faith effort to confer ***in person*** or ***by telephone*** to narrow the areas of disagreement to the greatest possible extent" before filing any discovery motion. L. R. Civ. P. 37.1(b) (emphasis added). The moving party must arrange for the meeting. *Id.* "A letter or other written communication—such as an email—does not, on its own, satisfy this District's meet and confer requirement." *Murphy v. Setzer's World of Camping, Inc.*, No. 3:20-CV-00406, 2021 WL 4899165, at *3 (S.D.W. Va. Oct. 20, 2021). The reasoning for this Rule is simple: parties are more likely to resolve issues by engaging in a meaningful live dialogue, which ultimately reduces the need for court intervention. The duty to meet and confer is not an inconsequential requirement that can be disregarded at will.

Plaintiff asserts that he complied with Rule 37.1, but he only mentions sending FedEx a letter concerning this discovery dispute. (ECF No. 15 at 1-2). Neither party references any actual conversations that they had regarding the issues raised in the motion. (ECF Nos. 15, 19). In this case, the Court finds that it would be highly productive for the parties to communicate in person or via telephone regarding the search that FedEx has conducted, FedEx's planned efforts to continue the search for the information, any leads discovered, and any information found thus far to identify the delivery truck and driver, if any, that were present in the location of the accident when it occurred. It is a

7

central issue in this case, and the parties skipped the critical step of discussing possible resolutions. Therefore, the parties are **ORDERED** to confer within **seven (7) days** regarding the aforementioned issues and jointly report the outcome of their discussion to the Court by emailing the report to the undersigned's judicial assistant at Laura_Tatman@wvsd.uscourts.gov.

In addition, although the Court can consider the merits of Plaintiff's motion to compel despite the parties' failure to confer, it precludes Plaintiff's request for attorneys' fees and costs associated with filing the motion. *Murphy v. Setzer's World of Camping, Inc.*, No. 3:20-CV-00406, 2021 WL 4899165, at *3 (S.D.W. Va. Oct. 20, 2021) ("While the failure to meet and confer does not automatically preclude the Court from ruling on the merits of a discovery motion, this Court has previously denied a request for attorney fees and expenses as a sanction for failing to fulfill the meet and confer requirement.") (collecting cases); *Brooke Cnty. Parks & Recreation Comm'n v. R & R Pools & Constr., Inc.*, No. 5:23CV127, 2024 WL 467551, at *2 (N.D.W. Va. Jan. 26, 2024) ("The failure to fulfill the meet and confer requirement does not result in the automatic denial of a motion to compel. Rather, the sanction for failing to conduct an in-person or telephonic meeting is denial of a request for expenses incurred in bringing the Motion."). Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees and costs.

### B. Discovery Requests

Turning to the specific discovery requests at issue, Plaintiff asks the Court to compel FedEx to respond to several interrogatories and one request for production of documents. The disputed requests and FedEx's responses include:

> **INTERROGATORY NO. 2**: State in detail the manner in which you or the driver of the truck assert that the incident referred to in the Complaint

8

occurred and the specific acts of negligence which you claim caused the accident.

**ANSWER**: This defendant objects to this interrogatory as it is assuming facts that may not be correct. This defendant has investigated the claims made in this matter and has still not confirmed whether its delivery truck was in the area or stopped at the location identified at the time of the incident. This matter is still under investigation.

**INTERROGATORY NO. 4**: Please state the name, address and telephone number of the individual and/or company that owned the Federal Express vehicle that was delivering packages on Glenwood Road in Cabell County, West Virginia on September 19, 2023 at the time of the subject incident, as well as the name, address and telephone number of the individual who was driving the vehicle.

**ANSWER**: This defendant objects to this interrogatory as it is assuming facts that may not be correct. This defendant has investigated the claims made in this matter and has still not confirmed whether its delivery truck was in the area or stopped at the location identified at the time of the incident. This matter is still under investigation.

**INTERROGATORY NO. 5**: State the name, address and telephone number of each and every person who has knowledge of the incident described in the complaint and the nature of their information, and whether they have given anyone a statement.

**ANSWER**: This defendant objects to this interrogatory as it is assuming facts that may not be correct. This defendant has investigated the claims made in this matter and has still not confirmed whether its delivery truck was in the area or stopped at the location identified at the time of the incident. This matter is still under investigation. Without waiving objections, please see plaintiff's and defendant's Rule 26 disclosures.

**INTERROGATORY NO. 9**: Please detail all activities of the driver of the Defendant's vehicle for a period of twenty-four (24) hours prior to the subject incident and forty- eight hours (48) following the subject incident.

**ANSWER**: This defendant objects to this interrogatory as it is assuming facts that may not be correct. This defendant has investigated the claims made in this matter and has still not confirmed whether its delivery truck was in the area or stopped at the location identified at the time of the incident. This matter is still under investigation.

**REQUEST NO. 9**: Please provide a complete copy of the personnel file for the driver of the Defendant's vehicle.

>**RESPONSE**: This defendant objects to this request as it is assuming facts that may not be correct. This defendant has investigated the claims made in this matter and has still not confirmed whether its delivery truck was in the area or stopped at the location identified at the time of the incident. This matter is still under investigation and any potential driver has not been identified.

(ECF No. 15-1 at 4, 5, 7, 10).

Rule 26 of the Federal Rules of Civil Procedure requires a party's attorney to sign all discovery responses and objections to certify that, to the best of that person's knowledge, information, and belief formed after a reasonable inquiry the response or objection is, *inter alia*, consistent with the rules and not intended to cause unnecessary delay or needlessly increase the cost of litigation. Fed. R. Civ. P. 26(g)(1)(B). Additionally, under Rule 33 of the Federal Rules of Civil Procedure, interrogatories propounded upon a party must be answered under oath and signed by the person making the answers. Fed. R. Civ. P. 33(b)(3), (5). An attorney who objects to interrogatories must sign any objections. Fed. R. Civ. P. 33(b)(5). In this case, the attorney signed off on the objections, but FedEx did not provide a verification with its interrogatory responses.[1] (ECF No. 15-1).

FedEx objects to the discovery requests on the basis that Plaintiff assumes facts that may not be correct, because FedEx has not been able to determine whether one of its trucks was even in the area of the accident or who was driving the delivery truck. FedEx represents that it is "diligently searching for information" and "does not seek to delay litigation," yet it provides no specifics regarding its search for responsive information. (ECF No. 19 at 4). As noted, Plaintiff first requested this information in January and served discovery requests in February. Several months have elapsed, but FedEx is still

---

[1] "A Verification is a term for a signed, written statement in which a party attests under oath to the truth and accuracy of its submission before a Notary Public, and notarized." *Johnson v. W. Virginia Univ. Bd. of Governors*, No. 2:21-CV-00380, 2023 WL 2486952, at *2 (S.D.W. Va. Feb. 13, 2023).

evidently unable to determine whether its delivery truck was in the area or who was driving such vehicle. This is confounding given modern tracking capabilities and the fact that the record contains the exact date, time, and location of the accident.

Nonetheless, FedEx's counsel has signed the discovery responses as an officer of the Court. There is no evidence that FedEx has made any misrepresentations, and the Court should take counsel at his word that FedEx is diligently searching for the information absent any evidence to the contrary. *See, e.g., Page v. Bragg Communities, LLC*, No. 5:20-CV-336-D, 2022 WL 17724407, at *6 (E.D.N.C. Dec. 15, 2022). The Court cannot compel FedEx to provide information that it does not have or is not reasonably available to it. However, the Court takes this opportunity to emphasize FedEx's discovery obligations. "The Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to "conduct a reasonable investigation, make reasonable inquiries of its employees, and fully respond to interrogatories and document requests." *Selee Corp. v. McDanel Advanced Ceramic Techs., LLC*, No. 1:15-CV-00129-MR, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) (citations omitted). "The burden is on the answering party to make an inquiry and obtain information to answer the interrogatories." *Cain v. Wal-Mart Stores, Inc.*, No. 5:16-CV-221-D, 2018 WL 1434819, at *3 n.7 (E.D.N.C. Mar. 22, 2018) (citation and markings omitted). The Rules impose an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of exposing the facts and illuminating the issues. *Mr. Dee's Inc. v. Inmar, Inc.*, No. 1:19CV141, 2020 WL 6488700, at *9 (M.D.N.C. Nov. 4, 2020). Consistent with that vision, as noted above, "the Rules impose [the aforementioned] certification requirement as to all discovery papers, which obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection."

*Id.* (cleaned up). "By signing that certification, an attorney certifies that he or she has made a reasonable effort to assure that the client has provided all the information and documents available to the client that are responsive to the discovery demand." *Id.* In addition, a party that has responded to a discovery request must supplement or correct its response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1).

It would be futile for the Court to order FedEx to perform a search for responsive information or supplement its responses upon discovery of additional information, because those obligations are already imposed by the Federal Rules of Civil Procedure. Furthermore, FedEx has not lodged any other objections to the discovery requests, such as disputing the relevance of the information sought, scope of the discovery requests, burden imposed for FedEx to respond, or any other aspects that the Court should resolve. The only objection is that FedEx cannot provide information and documents concerning the owner of the truck and driver because it has not identified them. Should it come to light that FedEx is obstructing discovery in any way, including not actively performing a thorough search or cooperating with Plaintiff in discovering this information, there are many sanctions that the Court can impose under the Federal Rules of Civil Procedure. At this point, there is no evidence that FedEx is abusing the discovery process, and there is sufficient time left in the discovery period for FedEx to provide the requested information. Moreover, there are other discovery mechanisms available in the meantime—such as a Rule 30(b)(6) deposition—for Plaintiff to gather information to substantiate his claims. For all of the above reasons, the Court **DENIES** the motion to compel **without**

**prejudice,** but **ORDERS** FedEx to serve a properly executed verification for its responses to discovery requests; particularly, given its representation that a reasonable search has been conducted to locate the requested information.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: June 4, 2024

Cheryl A. Eifert
United States Magistrate Judge